NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT COURT OF NEW JERSEY

| | |
|---|---|
| MARTIN LUTHER BASKERVILLE, JR. | |
| Petitioner, | Civil Action No. 04-262 (KSH) |
| v. | **OPINION and ORDER** |
| STATE OF NEW JERSEY, | |
| Respondent. | |

**KATHARINE S. HAYDEN, U.S.D.J.**

On January 22, 2004, *pro se* petitioner submitted to the Clerk for filing a motion for appointment of pro bono counsel; a request to proceed in forma pauperis; and a petition for writ of habeas corpus under 28 U.S.C. § 2254. On April 7, 2004 the Court issued an order: (1) granting petitioner's application to proceed in forma pauperis; (2) ordering the Clerk to file his petition; and (3) denying petitioner's motion for appointment of pro bono counsel without prejudice.

On the same day, the Court executed an Order pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000) ("Mason order"), informing petitioner of certain consequences of filing the §

2254 petition under the Antiterrorism and Effective Death Penalty Act ("AEDPA").  The Mason order granted petitioner the option to withdraw his petition and file one all-inclusive § 2254 application, or to have his pending § 2254 application ruled up as submitted.  Petitioner waived his right under the Mason order by not filing a signed response choosing one of the above options within 45 days of receipt of this Order.  As a consequence the Court will consider his petition as it was filed.

On September 1, 2004, petitioner submitted a letter requesting he be allowed to withdraw his § 2254 petition without prejudice, enabling him to include a Blakely v. Washington, 124 S. Ct. 2531 (2004) claim.  Along with this letter, petitioner filed the pending motion for reconsideration of appointment of counsel.

Petitioner's motion for reconsideration consists of several narrative paragraphs in which he explains to the Court why he should be appointed counsel.  These paragraphs, excluding ¶ 7, are identical to those found in petitioner's original motion for appointment of counsel, which the Court denied.  In paragraph 7, petitioner asserts changed circumstances because petitioner now needs an attorney to amend his petition under Blakely and to "brief [this] complex issue." (Petitioner's Brief, ¶ 7.)  The Court disagrees an attorney is necessary because any attempt by petitioner to amend his petition pursuant to Blakely would be futile.

Petitioner, in his letter filed on September 1, 2004, seeks to withdraw his petition without prejudice so he may include a Blakely challenge, which is now cognizable as an argument to be governed by the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005).  In Lloyd v. United States, 407 F.3d 608 (3d Cir. 2005), the Third Circuit held that the rule of law announced in Booker is "new" and "procedural" but does not apply "retroactively" to judgments

that were final as of January 12, 2005, the date Booker issued. Id. at 615-616. Here, final judgment was entered well before the Booker decision; hence petitioner is barred from bringing a Blakely challenge. Because an amendment to this petition, even were that procedurally available to the petitioner under habeas corpus jurisprudence, would be futile, his request to withdraw and amend is **denied**.

In sum, petitioner has failed to provide the Court with evidence of "changed circumstances" that would warrant appointment of counsel and his motion for reconsideration is **denied**. The underlying request was properly denied because under the criteria set forth in Tabron v. v. Grace, 6 F.3d 147, 153 (3d Cir.1993), appointment of counsel was not appropriate. Petitioner possess neither a constitutional nor a statutory right to appointed counsel and must demonstrate a need for such. Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir.1997). The Third Circuit has cautioned district courts to exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases. Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002). Here appointment of counsel was deemed unnecessary because (1) petitioner proved he was literate and had the ability to present his case by filing and responding to various motions and court orders and (2) the merits and nature of his claims are straight forward and capable of being resolved by the record.

**SO ORDERED** on this 23rd day of June, 2005.

s/ Katharine S. Hayden
Katharine S. Hayden, U.S.D.J.