NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| MARTIN LUTHER BASKERVILLE, JR., | : | Civil No. 04-0262 (KSH) |
| Petitioner, | : |  |
| v. | : | **O P I N I O N** |
| STATE OF NEW JERSEY, et al., | : |  |
| Respondents. | : |  |

**APPEARANCES:**

    MARTIN LUTHER BASKERVILLE, JR., #90-T-4745
    Elmira Correctional Facility
    P.O. Box 500
    Elmira, New York  14902
    Petitioner pro se

    ANNMARIE COZZI, Assistant Prosecutor
    BERGEN COUNTY PROSECUTOR
    Bergen County Justice Center
    Hackensack, New Jersey  07601
    Attorneys for Respondents

**HAYDEN**, District Judge

    Martin Luther Baskerville, Jr., filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254(a) challenging a judgment of conviction in the Superior Court of New Jersey, Bergen County.  Respondents filed an Answer, arguing that the Petition is untimely and should be denied on the merits.  For the reasons expressed below, the Court dismisses the Petition with prejudice as untimely and declines to issue a certificate of appealability.  See 28 U.S.C. §§ 2253(c), 2254(a), (b), (c).

## I. BACKGROUND

Petitioner challenges a judgment of conviction entered on August 31, 1993, in the Superior Court of New Jersey, Law Division, Bergen County, after a jury convicted him of first degree armed robbery, fourth degree aggravated assault, and fourth degree resisting arrest and eluding an officer. The Law Division sentenced Petitioner to a 20-year term of imprisonment on the armed robbery charge, and to concurrent 18-month terms on the other charges, to be served consecutively to a prior sentence imposed in New York. Petitioner appealed, and in an opinion filed on October 30, 1996, the Appellate Division of the Superior Court of New Jersey affirmed the conviction but remanded to the sentencing court to award jail credit for the time from December 25, 1987, to April 7, 1988. State v. Baskerville, No. A-5960-94T4 slip op. (App. Div. Oct. 30, 1996). On February 20, 1997, the Supreme Court of New Jersey denied certification. State v. Baskerville, 148 N.J. 461 (1997) (table).

On October 21, 1999, through counsel, Petitioner filed a petition for post conviction relief in the Law Division. The Law Division denied relief on the ground that the petition was barred by New Jersey Court Rule 3:22-12 (statute of limitations for post conviction relief petition), and Petitioner appealed. In an opinion filed October 31, 2002, the Appellate Division affirmed the order denying post conviction relief. On April 28, 2003, the Supreme Court of New Jersey denied certification. State v. Baskerville, 176 N.J. 279 (2003) (table).

Petitioner executed the Petition which is now before the Court on December 31, 2003. The Clerk received it on January 22, 2004. The Court notified Petitioner of the consequences of filing such a Petition under the Antiterrorism and Effective Death Penalty Act ("AEDPA") and

gave him an opportunity to withdraw the Petition and file one all-inclusive Petition, pursuant to

Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000).[1]

The Petition presents five grounds:

> Ground One: THE TRAIL COURT ERRED IN RULING THAT THE DEFENDANT'S CLAIM OR INEFFECTIVE ASSISTANCE OF COUNSEL AND BIAS ON THE PART OF THE TRAIL JUDGE WERE PROCEDURALLY BARRED [sic].
>
> Ground Two: THE TRAIL COURT'S DENIAL OF DEFENDANT'S PETITION FOR POST CONVICTION RELIEF SHOULD BE REVERSED BECAUSE THE DEFENDANT WAS DENIED THE EFFECTIVE ASSISTANCE OF TRAIL COUNSEL AND APPELLATE COUNSEL [sic].
>
> Ground Three: THE TRAIL COURT ERRED IN DENYING DEFENDANT'S PETITION FOR POST CONVICTION RELIEF BECAUSE THE SENTENCE IMPOSED UPON THE DEFENDANT WAS ILLEGAL [sic].
>
> Ground Four: NOTWITHSTANDING THE MERITS OF THE DEFENDANT'S ARGUMENTS, THE PETITIONER FOR POST CONVICTION RELIEF SHOULD NOT HAVE BEEN DENIED WITHOUT A HEARING WHEREIN DEFENDANT COULD HAVE ESTABLISHED HIS INEFFECTIVE ASSISTANCE OF TRAIL COUNSEL AND APPELLANT COUNSEL CLAIMS [sic].

---

[1] Petitioner had 45 days from his receipt of the Mason Order, which was entered on April 14, 2004, to add claims, provided his original Petition was timely filed. As Petitioner did not respond to the Mason Order, in accordance with the terms of the Order, the Court considered the original Petition as Petitioner's one all-inclusive § 2254 petition and ordered Respondents to answer. After the Answer was filed, Petitioner requested by letter dated August 20, 2004 [docket entry #9], that he be permitted to withdraw the original Petition and to add a claim for relief under the Sixth Amendment pursuant Blakely v. Washington, 542 U.S. __, 124 S.Ct. 2531 (2004). However, even if the Petition were not untimely, a claim under Blakely/United States v. Booker, 543 U.S. __, 125 S.Ct. 738 (2005), would not be cognizable under § 2254 because Blakely and Booker do not apply retroactively to cases that became final on direct review prior issuance of these opinions.   See Schriro v. Summerlin, 124 S.Ct. 2519 (2004) ;Lloyd v. United States, 407 F.3d 608  (3d Cir. 2005).

> Ground Five: POST CONVICTION RELIEF, COUNSEL THEODORE SILWINSKI WAS INEFFECTIVE WHEN HE FAILED TO RAISE THE PETITIONER ISSUE IN A TIMELY MANNER AS REQUIRED BY LAW, AND FAILED TO GIVE REASON FOR NOT FILING THE PCR MOTION WITHIN THE 5 YEAR TIME LIMIT ALTHOUGH COUNSEL HAD 18 MONTHS TO FILE PETITIONERS MO[]TION [sic].

(Pet. ¶ 12.)[2]

The State filed an Answer, arguing that the Petition is untimely and that the grounds raised do not warrant habeas relief.

## II.  DISCUSSION

A.  Statute of Limitations

On April 24, 1996, Congress enacted the AEDPA, which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[2]The Court lists the claims *verbatim* and refrains from correcting typographical errors (for example, "trail" instead of "trial"), in the interest of accurately reflecting how petitioner has framed his issues.

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence . . . .

28 U.S.C. § 2244(d)(1).

The statute of limitations under § 2244(d) is subject to two tolling exceptions: statutory tolling and equitable tolling. Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003); Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 617-18 (3d Cir. 1998). Section 2244(d)(2) requires statutory tolling: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). "[A]n application is "*properly* filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8 (2000).

The AEDPA statute of limitations is also subject to equitable tolling. Miller, 145 F.3d at 618. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 125 S.Ct. 1807, 1814 (2005). The Third Circuit instructs that equitable tolling is appropriate when "the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition *and* the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." LaCava v. Kyler, 398 F.3d 271, 275-276 (3d Cir. 2005). Mere excusable neglect is not sufficient. Id.; Merritt, 326 F.3d at 168; Jones v. Morton, 195 F.3d 153, 159 (3d Cir.1999).

Extraordinary circumstances have been found where (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, see Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005). Even where extraordinary circumstances exist, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).

In this case, the applicable limitations provision is § 2244(d)(1)(A). The Supreme Court of New Jersey denied Petitioner's petition for certification on direct review by order filed February 20, 1997. State v. Baskerville, 148 N.J. 461 (1997) (table). The statute of limitations therefore began to run on May 21, 1997, the date on which the judgment became final by the expiration of the time for filing a petition for certiorari in the United States Supreme Court. See Long v. Wilson, 393 F.3d 390 394 (3d Cir. 2004); Kapral v. United States, 166 F.3d 565, 575 (3d Cir. 1999); 28 U.S.C. § 2244(d)(1)(A). The limitations period ran for 365 days until it expired on May 21, 1998. Because Petitioner did not file his first state petition for post conviction relief until October 21, 1999, after the limitations period had expired, the limitations period was not statutorily tolled. See Long, 393 F.3d at 394-95 (state post conviction review petition had no effect on tolling because the limitations period had already run when it was filed).

6

Petitioner is not entitled to statutory tolling because no petition for post conviction review or other collateral review was filed or pending during this period.

Petitioner does not argue that the limitations period should be equitably tolled. This Court has reviewed the submissions of the parties and has found no extraordinary circumstance that might warrant equitable tolling of the limitations period.[3] Under these circumstances, the statute of limitations expired on May 21, 1998. Because Petitioner filed his § 2254 Petition on December 31, 2003, and because he was not entitled to statutory or equitable tolling, his Petition is barred by the statute of limitations. This Court dismisses the Petition as untimely. 28 U.S.C. § 2244(d)(1).

B.  Certificate of Appealability

The AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In Slack v. McDaniel, 529 U.S. 473, 484 (2000), the United States Supreme Court held: "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the

---

[3] In Point Five, Petitioner argues that post conviction relief counsel was constitutionally ineffective for failing to file his post conviction relief petition in the Law Division in a timely manner. This does not warrant equitable tolling of the federal limitations period because, in non-capital cases, "attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." Fahy v. Horn, 240 F.3d 239, 243 (3d Cir. 2001).

district court was correct in its procedural ruling." Id.  The Court denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) because jurists of reason would not find it debatable that dismissal of the Petition as untimely is correct.

### III.  CONCLUSION

Based on the foregoing, the Court dismisses the Petition for a Writ of Habeas Corpus with prejudice as untimely and denies a certificate of appealability.

/s/ Katharine S. Hayden

KATHARINE S. HAYDEN, U.S.D.J.

DATED:    November 28                    , 2005